Jonathan N. Shub (SBN 237708)
**KOHN, SWIFT & GRAF, P.C.**
One South Broad Street
Suite 2100
Philadelphia, PA 19107
Telephone: (215) 238-1700
Email: jshub@kohnswift.com

Attorneys for Plaintiff
[Additional Counsel on Signature Page]

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

SARA HAWES;
on Behalf of Herself and All Others
Similarly Situated,

     Plaintiff,

v.

WAIST GANG SOCIETY, LLC;

 

 

Defendant,

_____/

CASE NO.: 2:16-cv-01784

**COMPLAINT CLASS ACTION**

**JURY TRIAL DEMANDED**

**CLASS ACTION COMPLAINT**
1

## CLASS ACTION COMPLAINT

Plaintiff Sara Hawes ("Plaintiff"), individually and on behalf of herself and all others similarly situated, by her undersigned attorneys, upon personal knowledge as to herself, upon information and belief, and based upon the investigation of her Counsel as to the remaining allegations, allege as follows:

## INTRODUCTION

1.     This is a class action on behalf of all persons and entities in the United States and the State of California who purchased the Waist Gang Society products Sweat Fitness Belt, #1 Zip and Clip Boneless Shaper, Waistgang Comic WaistShaper, Fullbody Shaper, Funkadelic Cheetah Waistshaper, Latex Gym & Garment, Miracle Waist Shaper, No More Back Fat!, Python Waistshaper, Superhero Waistshaper, and The Works! (collectively referred to as the "Products") from Defendant who misrepresents the benefits associated with them.

2.     Defendant sells a line of corsets targeted at women looking to have a smaller waist.

3.     Although the corsets have been around for a very long time, this new line of corsets has been rebranded as "waist trainers" and hyped by endorsements from celebrities such as Kim Kardashian.

4.     These "waist trainers" do redistribute fat to other portions of the user's body, thereby creating the perception of a fit and trim waist, however,

Defendant claims that the Products actually burn fat and control the user's weight. This is completely false and misleading.  The Products have absolutely no effect on fat loss of the user.

5.     Defendant designed, manufactured, warranted, advertised and sold the Products throughout the United States, including in the State of California.

6.     Despite the knowledge that their advertising and marketing are misleading to consumers, Defendant continues to advertise, distribute, label, manufacture and market the Products in a misleading and deceptive manner.

## THE PARTIES

7.     During the Class period, Sara Hawes and Class Members purchased the Products through numerous online and brick/mortar retail stores. Plaintiff Hawes and Class Members suffered an injury in fact caused by the false, fraudulent, unfair, unlawful, deceptive and misleading practices set forth in this Complaint. Sara Hawes is a resident of the County of Los Angeles, State of California, and the events set forth in the Complaint took place therein, who, on or about November 2015, purchased the Miracle Waist Shaper product for her own use and not for resale from Defendant's website, www.whatsawaist.com.

8.     Upon information and belief Waist Gang Society, LLC is a Limited Liability Company licensed in the State of Florida, with a principal place of business address at 11285 SW 211th Street, Suite 202, Miami, Florida 33189.

**JURISDICTION AND VENUE**

9.      <u>Subject Matter Jurisdiction.</u>      This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(d) because the combined claims of the proposed class members exceed $5,000,000 and because Defendant Waist Gang Society, LLC is a citizen of a different state from the members of the Class.

10.      <u>Personal Jurisdiction.</u>      This Court has personal jurisdiction over Defendant Waist Gang Society, LLC because it has purposefully availed itself of California markets through sales of its products to California citizens, and the wrongful acts alleged in this Complaint were committed in California.

11.      <u>Venue.</u>      Venue is proper in this District pursuant to: (1) 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District; and (2) 28 U.S.C. § 1391(b)(3) in that Defendant is subject to personal jurisdiction in this District.

**STATEMENT OF FACTS**

12.      Under the portion "Health Tips" of Defendant's website www.whatsawaist.com, which also includes images of Khloe, Kim and Kourtney Kardashian using the Products, Defendant explains the history of their waist training product line, stating that:

**CLASS ACTION COMPLAINT**
4

"Waist training is a gradual process of waist reduction using our corset. The waist training practice came to prominence in Victorian times.  Wearing a waist cinching corset, exercising and eating a healthy diet can radically reduce your waist size; instantly giving you a beautiful sexy silhouette while permanently getting rid of unwanted inches around your waist."

*See*  http://www.whatsawaist.com/blogs/tips/16736096-what-is-a-body-shaper-and-what-does-it-do (Last visited December 3, 2015).

13.    The claims above are true, but the Defendant goes further in its marketing to make itself more desirable to consumers looking to lose fat.  Just following the language stated above, Defendant states, "**Waistgangsociety high quality Reshaping waistshaper is a unique latex material which attacks unwanted fat and impurities within your body**." *See Id.*

14.    Defendant further misleads consumers by stating in their "The aggressive back fat remover must try!!" section of their website that, "Okay, thiS will also help get rid of fat, but it'll certainly help you feel more comfortable in your skin."  *See* http://www.whatsawaist.com/blogs/tips/19479044-the-aggressive-back-fat-remover-must-try (Last visited December 3, 2015).

15.    Defendant also makes misleading fat loss claims on two of its individual product pages of the website:

**CLASS ACTION COMPLAINT**
5

"This garment burns fatty tissue by making you sweat, targets the back, torso, waist and abdomen areas, helps you loose those extra inches, and provides abdominal support."

*See* http://www.whatsawaist.com/products/very-aggresive-miracle-waist-shaper-works-miracles?variant=1066374856 and http://www.whatsawaist.com/products/very-aggressive-no-more-back-fat-boneless-shaper?variant=1127598852 (Last visited December 3, 2015).

16.     None of these claims regarding fat loss are true.

17.     Defendant bases these claims on the premise that because the Products cause the area of the body that is in contact with the Products to sweat, that it is actually causing fat loss.  This is physiologically untrue.

18.     Defendant has actually been the main topic of a Wall Street Journal article which cites experts stating the Products do not promote fat loss, "But health experts say these garments, which resemble corsets with hooks and zippers rather than laces, fail to promote fat loss and should simply be considered fashion accessories." *See* http://www.wsj.com/articles/do-waist-trainers-work-1443295964 (Last visited December 3, 2015).

19.     Further, doctors have also gone on the record  stating, "Corset training in and of itself does not remove fat cells," said Dr. Andrew Miller, a plastic surgeon of Associates in Plastic Surgery in New York and New Jersey. *See*

**CLASS ACTION COMPLAINT**

http://www.cnn.com/2015/06/08/health/corset-training/  (Last visited December 3, 2015).

20.    And "according to Jan Schroeder, Ph.D. and Professor of Fitness in the Department of Kinesiology at California State University – Long Beach, "Corsets do not cause you to permanently lose fat in the midsection; they cause a re-distribution of the fat and organs in the trunk," to give you an hourglass shape." *See*    http://dailyburn.com/life/health/waist-training-weight-loss-corset/ (Last visited December 3, 2015).

21.    Plaintiff and Class Members would have purchased another product, if any at all, or would have only paid for the benefits actually delivered with the Products, if they would have not been deceived by the misleading labeling and marketing of the Products by Defendant.

## CLASS ACTION ALLEGATIONS

22.    Plaintiff brings this action individually and as representatives of all those similarly situated pursuant to Rule 23 F.R.C.P. on behalf of the class and subclass ("the Classes"). The Classes are defined as follows:

> **National Class:**    All persons in the United States that purchased the Products at any time during the four years before the date of filing of this Complaint to the present.

> **California Subclass:**  All persons in the State of California that purchased the Products at any time during the four years before the date of filing of this Complaint to the present.

**CLASS ACTION COMPLAINT**
7

23.     Excluded from the Classes are Defendant, any entity in which Defendant has a controlling interest or that have a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to who this case is assigned and any member of the judge's immediate family.

24.     Numerosity. The Classes are so numerous that joinder of all members is impracticable. On information and belief, the Classes have more than 10,000 members. Moreover, the disposition of the claims of the Classes in a single action will provide substantial benefits to all parties and the Court.

25.     Commonality. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

        a.     Whether the marketing, advertising, packaging, labeling, and other promotional materials for the Products are deceptive;

        b.      Whether Defendant's actions violate California's law against unfair and deceptive acts or practices, Business and Professions Code §17200, *et seq.;*

        c.     Whether Defendant's actions violate California's law against false advertising, Business and Professions Code §17500, *et seq.*

        d.     Whether Defendant's actions violate California's Consumer Legal Protection Act, Civil Code §1750, *et seq.*

e.     Whether Defendant was Unjustly Enriched at the expense of the Plaintiff and Class Members.

f.     Whether Defendant Breached Express Warranties.

26.     Typicality.   Plaintiff's claims are typical of the claims of the Classes. Plaintiff's claims, like the claims of the Classes, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

27.     Adequacy.   Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiffs have retained competent and capable attorneys with significant experience and complex and class action litigation, including consumer class actions. Plaintiff and his counsel are committed to prosecuting this action vigorously on behalf of the Classes and have the financial resources to do so. Neither Plaintiff nor his counsel has interests that are contrary to or that conflict with those of the proposed Classes.

28.     Predominance. Defendant has engaged in a common course of conduct toward Plaintiff and members of the Classes. The common issues arising from this conduct that affect Plaintiff and members of the Classes predominate over any individual issues. Adjudication of these common issues in a single action has important and desirable advantages of judicial economy.

29.     Superiority. A class action is the superior method for the fair and efficient adjudication of this controversy. Classwide relief is essential to compel

**CLASS ACTION COMPLAINT**

Defendant to keep such products out of the market and to compensate those who have mislead into purchase of the Products. The interest of individual members of the Classes in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because Defendant acted or failed to act on grounds generally applicable to the Classes. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

30.    Injunctive and Declaratory Relief Appropriate.    Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate on a class wide basis.

/

/

/

/

/

/

**CLASS ACTION COMPLAINT**

## COUNT I

### Violation of the Consumer Legal Remedies Act
### Cal. Civ. Code §1750, *et. seq.*
### (On Behalf of the California Subclass Members)

31.   Plaintiff incorporates each preceding paragraph as if fully set forth herein.

32.   Plaintiff and each member of the Class is a "Consumer" as that term is defined by Cal. Civ. Code § 1761(d).

33.   The Products are a "Good" as that term is defined by Cal. Civ. Code § 1761(a).

34.   Defendant is a "Person" as defined by Cal. Civ. Code § 1761(c).

35.   The transaction(s) involved here are "Transaction(s)" as defined by Cal. Civ. Code § 1761(e).

36.   Plaintiff and members of the Class are Consumers who purchased the Products for personal use within the applicable statute of limitations period.

37.   Plaintiff has standing to pursue this cause of action because Plaintiff has suffered injury-in-fact and has lost money or property as a result of Defendant's actions as set forth here.

38.   Plaintiff and Class members purchased the Products in reliance on Defendant's labeling claims.

39.   Defendant has used deceptive representations with respect to the Products in violation of Cal. Civ. Code §1770(a)(4).

**CLASS ACTION COMPLAINT**
11

40.     Defendant has misrepresented the sponsorship, approval, characteristics, or ingredients of the Products in violation of Cal. Civ. Code §1770(a)(5).

41.     Defendant has misrepresented the standard, quality, or grade of the Products in violation of Cal. Civ. Code §1770(a)(7).

42.     Defendant knew or should have known that their representations of fact are material and likely to mislead consumers.

43.     Defendant's practices, acts, and course of conduct in marketing and selling the Products are likely to mislead a reasonable consumer acting reasonably under the circumstances to his or her detriment. Like Plaintiff, members of the Class would not have purchased the Products had they known the true characteristics of the Products.

44.     Plaintiff and members of the Class have been directly and proximately damaged by Defendant's actions.

45.     Defendant has engaged in, and continue to engage in, business practices in violation of the Consumer Legal Remedies Act, Civ. Code §1750, et seq. by continuing to make false and misleading representations on their labeling of the Products.

46.     On February 16, 2016, prior to the filing of this Complaint, a CLRA notice letter was served on Defendant Waist Gang Society, LLC which complies in all respects with California Civil Code § 1782(a). Plaintiff Hawes sent Defendant a

**CLASS ACTION COMPLAINT**

letter via certified mail, return receipt requested, advising Waist Gang Society, LLC that it is in violation of the CLRA and must correct, repair, replace or otherwise rectify the goods alleged to be in violation of § 1770 within thirty (30) days after receipt of the notice letter. A true and correct copy of Plaintiff Hawes' CLRA letter is attached hereto as Exhibit A.

47.     As a result, Plaintiff, the Class, and the general public are entitled to injunctive and equitable relief, restitution, and an order for the disgorgement of the funds by which Defendant was unjustly enriched. Plaintiff and the Class also seek Punitive Damages since Defendant was put on notice of its violations of the California Legal Remedies Act and took no remedial actions.

## COUNT II

**Violation of False Advertising Law**
**Cal. Bus. & Prof. Code § 17500, *et seq.***
**(On Behalf of the California Subclass Members)**

48.     Plaintiff incorporates each preceding paragraph as if fully set forth herein.

49.     Plaintiff and the Class have standing to pursue a cause of action for false advertising under Bus. & Prof. Code §17500, et seq. because Plaintiff and members of the Class have suffered an injury-in-fact and lost money as a result of Defendant's actions as set forth herein.

**CLASS ACTION COMPLAINT**
13

50.     Defendant advertised, marketed, and otherwise disseminated misleading information to the public through advertising mediums including the Internet statements regarding the Products.

51.     Defendant continues to disseminate such statements.

52.     Defendant's statements are misleading.

53.     Defendant knows that these statements were misleading, or could have discovered their misleading nature with the exercise of reasonable care.

54.     Defendant's misleading statements were part of a scheme or plan to sell the Product to an unsuspecting public looking for aid in fat loss.

55.     Plaintiff and Class members relied on Defendant's marketing, labeling, and other product literature.

56.     Defendant's actions violate Cal. Bus. & Prof. Code § 17500, et seq.

57.     As a direct and proximate result of Defendant's actions, as set forth herein, Defendant has received ill-gotten gains and/or profits, including but not limited to money from Plaintiff and Class members who paid for the Products. Therefore, Defendant has been unjustly enriched.

58.     Plaintiff and Class members seek injunctive relief, restitution, and disgorgement of Defendant's ill-gotten gains as provided for by Cal. Bus. & Prof. Code §17535.

59.     Plaintiff and Class members seek injunctive relief to compel Defendant from continuing to engage in these wrongful practices in the future. No

**CLASS ACTION COMPLAINT**

1  other adequate remedy at law exists. If an injunction is not ordered, Plaintiff and

2  Class members will suffer irreparable harm and/or injury.

### COUNT III

**Violation of the Unfair Competition Act
Cal. Bus. & Prof. Code § 17200, *et seq.*
(On Behalf of the California Subclass Members)**

60.    Plaintiff incorporates the preceding paragraphs as if fully set forth

herein.

61.    Plaintiff and the Class have standing to pursue a cause of action for

false advertising under Bus & Prof. Code §17200, et seq. because Plaintiff and

members of the Class have suffered an injury-in-fact and lost money as a result of

Defendant's actions as set forth herein.

62.    Defendant's actions as described herein constitute unfair competition

within the meaning of Bus. & Prof. Code §17200, in that Defendant has engaged in

unlawful, unfair, or fraudulent business practices by violating California's

Sherman Food Drug & Cosmetic Act and California's Consumer Legal Remedies

Act.

63.    Defendant's actions as described herein constitute unfair competition

within the meaning of Bus. & Prof. Code §17200, on the additional grounds that

Defendant has failed to properly label the Product in accordance with 21 C.F.R.

101, et seq.

**CLASS ACTION COMPLAINT**
15

64.     Defendant's actions also constitute unfair competition within the meaning of Bus. & Prof. Code §17200, in that Defendant has made unfair, deceptive, untrue or misleading statements in advertising mediums, including the Internet, in violation of Bus. & Prof. Code §17500.

65.     Defendant's actions have caused economic injury to Plaintiff and Class members. Plaintiff and Class members would not have purchased the Product had they known the true nature of the Products.

66.     Pursuant to Bus. & Prof. Code §17203, Plaintiff and Class members seek an injunction enjoining Defendant from continuing to market, advertise, and sell the Products without first complying with federal and state law and to prevent Defendant from continuing to engage in unfair competition or any other act prohibited by law.

67.     Plaintiff and Class members also seek an order requiring Defendant to make full restitution and disgorgement of their ill-gotten gains of all money wrongfully obtained from Plaintiff and Class members as permitted by Bus. & Prof. Code §17203.

/

/

/

/

/

**CLASS ACTION COMPLAINT**

## COUNT IV

### Breach of Express Warranty
### (On Behalf of the National Class and Subclass)

104.   Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

105.   Defendant made several different express warranties upon which Plaintiff relied in making his purchase, including the false and misleading claims contained herein.

106.   Defendant made several express warranties regarding the supposed fat reduction qualities of the Products.

107.   The Plaintiff and Class Members received a product that did not provide the benefits Defendant's described in their labeling, advertising and marketing.

108.   These facts constitute breaches of all applicable express warranties as alleged in this complaint.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment as follows:

A.   For certification of the proposed National Class;

B.   For certification of the proposed California Subclass;

C.   For appointment of Plaintiff as class representative;

D.      For appointment of the undersigned counsel as counsel for the Class;

E.      For a declaration that Defendant's actions complained of herein violate the State of California consumer protection statutes;

F.      For a declaration that Defendant was Unjustly Enriched;

G.      For a declaration that Defendant Breached an Express Warranty;

H.      For an Order enjoining Defendant from engaging in the unlawful conduct set forth herein;

I.       For an award to Plaintiff and the Classes of restitution and disgorgement as requested by Plaintiff's second and third causes of action;

J.       For an award to Plaintiff and the Class of attorneys' fees and costs, as allowed by law and/or equity;

K.      For leave to amend this Complaint to conform to the evidence presented at trial; and

L.      For Orders granting such other and further relief as the Court deems necessary, just, and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury for all issues so triable.

/

/

/

/

**CLASS ACTION COMPLAINT**
18

DATED: March 15, 2016                         Respectfully Submitted,

                                              **KOHN, SWIFT & GRAF, P.C.**

                                    By:       /s/ Jonathan Shub
                                              Jonathan N. Shub (SBN 237708)
                                              One South Broad Street
                                              Suite 2100
                                              Philadelphia, PA 19107
                                              Telephone: (215) 238-1700
                                              Email: jshub@kohnswift.com

                                              Nick Suciu III (*Pro Hac Vice*
                                              Application Forthcoming)
                                              **BARBAT, MANSOUR & SUCIU
                                              PLLC**
                                              434 West Alexandrine #101
                                              Detroit, MI 48201
                                              Telephone: (313) 303-3472
                                              nicksuciu@bmslawyers.com

                                              Bassma Zebib (SBN 276452)
                                              **LAW OFFICE OF BASSMA
                                              ZEBIB**
                                              811 Wilshire Blvd, Ste. 1708
                                              Los Angeles, CA 90017
                                              Telephone: (310) 920-7037
                                              zebiblaw@gmail.com

                                              *Attorneys for Plaintiff*

**CLASS ACTION COMPLAINT**
19